**William McNEIL, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2988.**

Court of Appeals of Alaska.

Feb. 23, 1990.

---

Jeffery D. Mahlen, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

R. Bruce Roberts, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

William McNeil was convicted after pleading no contest to a charge of driving while his license was suspended (DWLS). McNeil reserved the right to appeal the district court's denial of a motion to suppress evidence in which he argued his arrest violated the Posse Comitatus Act. We affirm.

On February 14, 1989, Sergeant Jesus Perusquia, a military police officer, was on duty at the Fort Richardson military reservation when he saw McNeil driving in an erratic manner on a portion of the Glenn Highway which crosses military property.[1] Perusquia suspected that McNeil might be intoxicated and stopped him. After speaking with McNeil, Perusquia decided that

McNeil was not intoxicated. Perusquia ran a computer check on McNeil's driver's license, however, and learned that it was suspended. He then contacted the Alaska State Troopers, who arrested McNeil for DWLS.

■■■ McNeil argued below, and he contends on appeal, that Perusquia violated the Posse Comitatus Act, 18 U.S.C. § 1385 (1988):

> Whoever, except in cases and under circumstances expressly authorized by the Constitution or Act of Congress, willfully uses any part of the Army or the Air Force as a posse comitatus or otherwise to execute the laws shall be fined not more than $10,000 or imprisoned not more than two years, or both.

It is well settled, however, that the Posse Comitatus Act is not violated when military officers pursue a legitimate and independent military purpose. *Harker v. State*, 663 P.2d 932, 935–37 (Alaska 1983); *Moon v. State*, 785 P.2d 45 (Alaska App.1990); *Anchorage v. King*, 754 P.2d 283, 285–86 (Alaska App.1988). In this case, Perusquia had a right to patrol the portion of the Glenn Highway on which McNeil was travelling. He stopped McNeil in order to protect motorists travelling on military property from the danger of intoxicated drivers. Accordingly, Perusquia acted with legitimate military purpose. *See King*, 754 P.2d at 286. Moreover, Perusquia's decision to stop McNeil was not prompted by a request from the police. Thus, there was no willful use of military personnel by civilian law enforcement authorities. We find no violation of the Posse Comitatus Act.

McNeil's conviction is AFFIRMED.

---

1. The record establishes that the Glenn Highway crosses the Fort Richardson military reservation along an easement granted to the State of Alaska by the Secretary of the Army. The express terms of the easement authorize both civilian and military personnel to patrol the portion of the highway that crosses the military reservation.